UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KANETHA ARUN CHAU

CIVIL ACTION

NO.  16-14733

SECTION: "E"

ORDER AND REASONS

Before the Court is a Motion to Withdraw the Reference filed by Defendant Capital One, N.A.[1] The Plaintiff filed an opposition to the motion.[2] For the reasons stated herein, the motion is **GRANTED**.

BACKGROUND

On January 13, 2014, Kanetha Arun Chau ("Chau") filed a voluntary petition for bankruptcy under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Louisiana.[3] In August of 2015, Capital One, N.A. ("Capital One") imposed an administrative freeze on the accounts of Chau and her related companies. As a result of the administrative freeze, Chau filed an adversary bankruptcy proceeding against Capital One.[4]

In her Amended Complaint, Chau alleged Capital One is liable to her for violations of the automatic stay provisions of the Bankruptcy Code, for breach of contract, and for negligence under Louisiana Civil Code articles 2315 and 2317.[5] On August 4, 2016, the Bankruptcy Court granted the Plaintiff's motion to withdraw the company plaintiffs from the matter, leaving Chau as the only plaintiff.[6] The company plaintiffs then filed suit

---

[1] *In re Chau*, No. 16-14733, R. Doc. 1 (E.D. La.).
[2] *In re Chau*, No. 16-14733, R. Doc. 4 (E.D. La.).
[3] *In re Kanetha Arun Chau*, No. 14-10059, R. Doc. 1 (Bankr. E.D. La.).
[4] *Chau v. Capital One, N.A.*, No. 16-1006, R. Doc. 1 (Bankr. E.D. La.).
[5] *Chau v. Capital One, N.A.*, No. 16-1006, R. Doc. 16 (Bankr. E.D. La.).
[6] *Chau v. Capital One, N.A.*, No. 16-1006, R. Doc. 26 (Bankr. E.D. La.).

1

against Capital One in state court on August 2, 2016, alleging breach of contract and negligence under Louisiana Civil Code articles 2315 and 2317.[7] Capital One then removed the suit to this Court on September 1, 2016.[8]

On August 17, 2016, the company plaintiffs, with the addition of Sake 21, LLC, filed suit in state court, alleging the same causes of action and seeking the same damages as the August 2, 2016 state court petition.[9] Capital One removed the matter to this Court on October 24, 2016.[10]

On September 15, 2016, Capital One filed its motion to withdraw the reference before this Court, alleging the state court petition in case 16-14400 and the complaint in the bankruptcy petition set forth the same operative facts and causes of action, except for the automatic stay violation claim.[11] It is Chau's adversary complaint in the bankruptcy proceeding that Capital One argues should be withdrawn from the bankruptcy court and decided by the district court.

## LAW AND ANALYSIS

The standard for when a district court may withdraw the reference from bankruptcy court is set forth in 28 U.S.C. § 157(d). Section 157(d) provides for both mandatory and permissive withdrawal:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the

---

[7] *Pho An, LLC, et al. v. Capital One, N.A.*, No. 2016-13199, 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.
[8] *Pho Ann, LLC, et al. v. Capital One, N.A.*, No. 16-14400 (E.D. La.).
[9] *Sake 21, LLC, et al. v. Capital One, N.A.*, No. 2016-13305, 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.
[10] *Sake 21, LLC, et al. v. Capital One, N.A.*, No. 16-15802, R. Doc. 1 (E.D. La.).
[11] *In re: Kanetha Arun Chau*, No. 16-14733, R. Doc. 1 (E.D. La.).

2

United States regulating organizations or activities affecting interstate commerce.[12]

I.   Mandatory Withdrawal

The district court is required to withdraw the reference if it determines that resolution of the proceedings requires consideration of both the Bankruptcy Code and other U.S. laws regulating organizations or activities that affect interstate commerce.[13] The mandatory withdrawal provision has generally been interpreted strictly, "granting withdrawal of the reference when the claim and defense entail material and substantial consideration of non-Bankruptcy Code federal law."[14]

In this case, Capital One does not seek mandatory withdrawal of the reference, nor is such withdrawal appropriate under the circumstances.[15] Thus, the Court will consider whether permissive withdrawal is appropriate.

II.   Permissive Withdrawal

The Fifth Circuit has held that, to determine whether to withdraw a reference on permissive grounds, district courts should consider whether the matter at issue is a core or a non-core proceeding.[16] Further, courts should consider whether the proceedings involve a jury demand and whether withdrawal would further the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtor's and creditors' resources, and expediting the bankruptcy process.[17]

---

[12] 28 U.S.C. § 157(d).
[13] *Id.*
[14] *In re OCA, Inc.*, No. 06-3811, 2006 WL 4029578, at *2 (E.D. La. Sept. 19, 2006) (citing *Lifemark Hosps. of La., Inc. v. Liljeberg Enters., Inc.*, 161 B.R. 21, 24 (E.D. La. 1993); *U.S. Gypsum Co. v. Nat'l Gypsum Co.*, 145 B.R. 539, 541 (N.D. Tex. 1992); *In re Johns-Manville Corp.*, 63 B.R. 600, 603 (S.D.N.Y. 1986); *In re White Motor Corp.*, 42 B.R. 693, 704 (N.D. Ohio 1984)).
[15] The claims sought to be withdrawn are not founded upon federal law. Rather, the claims are state-law causes of action for negligence and breach of contract.
[16] *See, e.g.*, *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985).
[17] *Id.*

a.      *Nature of the Proceedings*

The first element addresses whether the claims at issue are "core" or "non-core." The term "core proceeding" is not explicitly defined by statute, but the Bankruptcy Code provides some illustrative examples.[18] Moreover, the Fifth Circuit has noted that a proceeding is core if it "invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."[19]

In this case, Capital One argues that non-core claims predominate in this matter, and thus the bankruptcy reference should be withdrawn.[20] Capital One concedes that the claim with respect to the alleged violation of the automatic stay provisions in section 362 of the Bankruptcy Code is a "core" claim.[21] The breach of contract and negligence claims, however, are "non-core" claims.[22] Capital One contends that the "[a]uthority to withdraw applies to both core and non-core proceedings."[23]

The Court agrees with Capital One. "The cumulative effect of the grant of original jurisdiction to the district court and its right to withdraw the reference in a bankruptcy case or related matter or to refer bankruptcy-related matters to the bankruptcy court leaves little doubt that the district court may exercise jurisdiction broadly, even over 'core' bankruptcy matters."[24] Therefore, even though this matter contains a "core" claim, this Court is not precluded from withdrawing the reference.

---

[18] *See* 28 U.S.C. §157(b)(2) ("Core proceedings include, but are not limited to—matters concerning the administration of the estate; . . . proceedings to determine, avoid, or recover preferences; . . . proceedings to determine, avoid, or recover fraudulent conveyances; . . . [and] other proceedings affecting the liquidation of the assets of the estate . . . .").
[19] *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987). *See also In re Southmark*, 163 F.3d 925, 930 (5th Cir. 1999).
[20] *In re Chau*, No. 16-14733, R. Doc. 1-1, at 5–6 (E.D. La.).
[21] *Id.* at 5.
[22] *Id.*
[23] *Id.*
[24] *Holland Am. Ins. Co. v. Succession of Roy*, 777 f.2d 992, 998 (5th Cir. 1985).

4

  b. *<u>Jury Demand</u>*

Although Capital One has made no jury demand with respect to the state law claims in the adversary proceeding, it contends the Seventh Amendment provides Capital One a right to a jury trial on those claims.[25] Thus, Capital One argues that the reference should be withdrawn because it is well established that bankruptcy courts cannot conduct jury trials.[26] This factor, therefore, favors withdrawal of the reference.[27]

  c. *<u>Judicial Economy</u>*

The interests of uniformity, reducing forum shopping, conserving resources, and expeditious resolution in this case support granting the motion to withdraw the reference. "Where a proceeding in bankruptcy involves common issues of law and fact with a case pending in district court, the overlapping of facts, transactions and issues in the two cases . . . is good cause for withdrawal of the reference and consolidation with the district court proceeding."[28] The claims pending in the adversary proceeding and the pending civil actions have overlapping facts, and will require the use of the same witnesses and evidence. Therefore, this factor favors withdrawal of the reference.

## **<u>CONCLUSION</u>**

Although the adversary proceeding contains a core bankruptcy claim, it is appropriate in this matter to withdraw the reference because of the substantial overlap of the facts and issues in the three cases.

---

[25] *In re Chau*, No. 16-14733, R. Doc. 1-1, at 6 (E.D. La.).
[26] *See In re Clay*, 35 F.3d 190, 197 (5th Cir. 1994).
[27] *See In re Gulf States Long Term Acute Care of Covington, LLC*, 455 B.R. 869, 876 (Bankr. E.D. La. 2011) ("The Court finds that even though the Movant–Defendants have not yet demanded a jury trial, the obvious right to such a trial is a factor weighing in favor of withdrawal of the reference.").
[28] *Big Rivers Elec. Corp. v. Green River Coal Co.*, 182 B.R. 751, 755 (W.D. Ky. 1995) (internal quotation omitted).

For the reasons stated herein, Defendants' motion to withdraw the reference is hereby **GRANTED**.

**New Orleans, Louisiana, this 31st day of October, 2016.**

*Susie Morgan*
_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**